# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2023

Lyle W. Cayce
Clerk

No. 22-40774

United States of America,

*Plaintiff—Appellee*,

*versus*

Felix Lerma,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CR-411-1

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Felix Lerma was convicted by a jury of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, possession of 50 grams or more of methamphetamine with intent to distribute, conspiracy to import 50 grams or more of methamphetamine, and importation of 50 grams or more of methamphetamine. On appeal, Lerma contends that the evidence

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

at trial was insufficient to sustain his convictions.  For the reasons set forth below, we AFFIRM.

## I.

The following relevant evidence was offered at trial:  On June 17, 2020, Lerma, who was roughly 73 years old, drove from Texas to Mexico in a Chevrolet Tahoe.  The car had standard tires.  When he returned to Texas a few hours later, he told a border-patrol officer that there were no drugs in his car and that his reason for travel that day was to visit his brother and to shop for groceries.  An x-ray examination of the car revealed anomalies within the tires that otherwise were indiscernible.  A canine unit arrived and alerted to the presence of drugs in the tires.

Border-patrol officers removed one of the wheels and discovered "metal casings or metal collars wrapped around the wheel, which were welded to the wheel."  The metal casing, which was a customization to the car, was determined to contain a substance that, according to field tests, was methamphetamine.  An examination of the remaining tires revealed that they also had metal casings containing methamphetamine.  The drugs were estimated to be worth between $156,000 and $280,800 in the United States.  Agents recalled that the tires were too heavy to lift, that the welding was "really well done," and that the car seemed to have directional tires that were improperly installed.  Moreover, one agent noted that the "vehicle behind the fender well had water like [it] had driven on a wet surface" but that "the rims and tires were dry and did not have any signs of being driven through a wet surface."

In an ensuing interview with agents from the Department of Homeland Security Investigations, Lerma stated that he traveled to Mexico in the morning to visit his sick brother.  He denied knowledge of the drugs or involvement in drug smuggling and stated that he did not know why he was

detained.  He was unsure when the drugs could have been placed in his wheels and suggested that he was aware of the location of his vehicle at all times; he recalled that he went to a car wash, that he was inside a restaurant with his nephew for "an hour and a half" and that it started to rain at that time.

Following a trial, a jury convicted him of the charged offenses.  Lerma filed a timely notice of appeal.

## II.

Because Lerma preserved his sufficiency challenge, our review is de novo; the verdict will be upheld if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt.  *United States v. Alaniz*, 726 F.3d 586, 600-01 (5th Cir. 2013).  Review of the sufficiency of the evidence is highly deferential to the verdict, *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013) (citation omitted), and the evidence and all reasonable inferences are to be resolved in favor of the jury's determination of guilt, *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).

## III.

Lerma argues that there was insufficient evidence to establish that he knew that there was methamphetamine in compartments hidden in the tires of his vehicle.  He asserts that his control of the vehicle did not prove his knowledge because the methamphetamine was hidden and argues that there otherwise was inadequate circumstantial evidence to establish his guilty knowledge.  He thus contends that the evidence did not prove the knowledge element for his convictions for possession of methamphetamine with intent to distribute and for importation of methamphetamine.

This court has listed factors that qualify as circumstantial evidence of guilty knowledge in hidden compartment cases.  *See United States v. Ortega-*

*Reyna*, 148 F.3d 540, 544 (5th Cir. 1998), *abrogated on other grounds by United States v. Vargas-Ocampo*, 747 F.3d 299, 302-03 & n.2 (5th Cir. 2014) (en banc). Lerma argues that none of these factors was present. However, this court has not held those factors to be exhaustive. *Cf. Ortega-Reyna*, 148 F.3d at 544 (noting that factors were representative of behavior that could qualify as circumstantial evidence). Rather, the issue is whether the evidence as a whole provides a substantial basis for the jury to conclude that the knowledge element was satisfied. *See United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998) (citation omitted).

Here, the evidence and all reasonable inferences, when viewed in the light most favorable to the verdict, would allow a reasonable jury to find that Lerma knew about the methamphetamine in the tires. *See Davis*, 735 F.3d at 198; *Resio-Trejo*, 45 F.3d at 911. The evidence proved Lerma's ownership of the vehicle, and there was no evidence that his vehicle had been stolen or borrowed. As the owner of the vehicle, Lerma had control over who used it and how it was used. *See Resio-Trejo*, 45 F.3d at 912. Also, it is undisputed that the tires on the vehicle were replaced on the same day that the hidden compartments were discovered. Evidence of recent alterations to create a secret compartment used to transport drugs, coupled with possession of the vehicle, supports an inference of guilty knowledge. *See United States v. Gil-Cruz*, 808 F.3d 274, 277 (5th Cir. 2015) (citation omitted). The value of the methamphetamine found in Lerma's vehicle additionally supports the verdict. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003) (citations omitted). It is implausible someone would take Lerma's vehicle, replace his tires with new wheels in which compartments containing valuable drugs had been welded, and then return the vehicle to him, an unknowing participant. *See Resio-Trejo*, 45 F.3d at 913. The evidence adduced at trial otherwise could support the inference that Lerma drove to Mexico and sought to return on the same day with a load of methamphetamine. While it

may have been reasonable for the jury to find that Lerma was duped into transporting drugs, the evidence need not exclude every reasonable hypothesis of innocence or be inconsistent with every conclusion except that of guilt. *See United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999).

**IV.**

Lerma also contends that the evidence was insufficient to support his conspiracy convictions.  He asserts that there was insufficient proof that he agreed with another person to violate the law because no proof was presented to confirm the identity and participation of any coconspirator.

A defendant may be convicted of conspiring with unknown persons if the indictment alleges that other persons exist, as in the instant case, and the evidence supports their existence and the existence of a conspiracy. *United States v. Hernandez–Palacios*, 838 F.2d 1346, 1348-49 (5th Cir. 1988) (citation omitted).  Here, the evidence included testimony as to the necessary involvement of multiple actors and supported the inference that there was a concert of action between Lerma and coconspirators. *See United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009).  The evidence suggested that people other than Lerma were involved in, inter alia, building the compartments in which the drugs were concealed and placing the new wheels on Lerma's vehicle. *See United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012).  The weight and the value of the methamphetamine hidden in the wheels also support the inference that other people were involved. *See Vasquez*, 677 F.3d at 694 & n.3; *United States v. Gutierrez-Farias*, 294 F.3d 657, 661 (5th Cir. 2002).  A jury reasonably could have found that Lerma at least tacitly agreed with others to act pursuant to an agreement to violate the federal narcotics laws. *See Vasquez*, 677 F.3d at 694; *Gutierrez-Farias*, 294 F.3d at 661.  The failure to prove the identities of the coconspirators is

No. 22-40774

immaterial. *See Vasquez*, 677 F.3d at 694; *Hernandez–Palacios*, 838 F.2d at 1348-49.

## V.

The judgment is AFFIRMED.